MICHAELA LEONARDA, BARONESS OF PONTALBA, *v.* THE PHŒNIX ASSURANCE COMPANY OF LONDON.

Under a policy of insurance on a house, with the condition that, in case of loss, the assurers may either re-instate the building, or pay the amount of the loss as soon as proved, rent for the period occupied in rebuilding or repairing, cannot be recovered as part of the indemnity due to the assured. Such rent formed a distinct insurable interest.

The general principle, that the assurers are bound to adjust a loss upon the principle of replacing the assured, as near as may be, in the situation they were in before the fire, has never been understood to extend to the profits or fruits which the latter was drawing, or might have drawn from the thing insured.

APPEAL from a judgment of the Parish Court of New Orleans, *Maurian,* J., in favor of the defendants.

This case was submitted, without argument, by *Buisson,* for the appellant, and *L. C. Duncan,* for the defendants.

MORPHY, J. Certain stores and buildings, insured against fire, having been partially destroyed, were rebuilt, or rather repaired, by the defendants, under a clause in the policy worded as follows . "When any loss shall have been sustained by fire upon property insured, the Company will either re-instate the same, or the assured, as soon as such loss or damage shall have been duly proved, shall immediately receive payment of his claim." This suit is brought to recover $1200, for the rent of the stores during three months that the rebuilding or repairing of them lasted. The question is,

whether, under the above recited clause in the policy, the defend-
ants are bound to pay the rent of the property during the time that
was occupied in re-instating it.    There is no dispute as to the
value of the rent, nor as to the necessary duration of the repairs
made to the premises. : In the absence of an express stipulation,
such as appears to exist in the policies of several Insurance Com-
panies of this city, that during the rebuilding or repairing of a
house, rent shall be paid as a part of the indemnity due to the as-
sured, it cannot be contended, on any legal principle of insurance,
that a policy on a house covers any part of the rent, which is a
thing distinct from the subject matter of the insurance, and con-
stituting of itself an insurable interest.    The obligation of the
defendants to the assured could be discharged, either by the pay-
ment of the amount of the loss or damage sustained, or by re-
instating the property in its former condition.    The latter alterna-
tive necessarily implied some reasonable time for its execution.
Of this the insured was aware.    No rent having been stipulated
for during that time, none can be exacted.    The testimony shows
that the amount for which the repairs could have been made was
tendered to the plaintiff's agent, but that he refused to receive it,
thus throwing on the defendants the obligation of repairing the
house.    By doing this, he could not surely impose upon them the
additional obligation of paying the rent during the repairs.    This
rent was no part of the thing insured.    If the plaintiff wished to
secure its amount during the rebuilding of her stores, whether
done by herself or by the defendants, she should have made an
express stipulation to that effect, or have caused a separate insu-
rance to be made on it.    But it is urged, in support of the present
claim, that a policy of insurance being a contract of indemnity,
the underwriters are bound to adjust the loss upon the principle
of replacing the party assured, as nearly as may be, in the situa
tion he was in before the fire.    This is unquestionably true as a
general principle, and in relation to the subject matter insured, but
it has never been understood to extend to the profits or fruits the
assured was drawing, or might have drawn, from the thing insured.
These are consequential losses, for which he cannot be indemni-
fied, especially when such losses fall on things susceptible of
being insured separately.    There is much analogy between the

rent of a house and the freight of a ship; both are the civil fruits of the thing from which they are derived. It is believed that the attempt has never been made to recover freight under a policy of insurance on a vessel; and yet the loss of the freight, like that of the rent, is a direct consequence of the destruction of the vessel. In both cases the loss falls on a thing which is no part of the object insured, and which is not, therefore, covered by the policy. 1 Phillips on Insurance, 190.    2 Marshall on Insurance, 722.

*Judgment affirmed.*